UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PLASCENCIA-DE HARO, <br><br> Plaintiff, <br><br> v. <br><br> LORETTA E. LYNCH, et al., <br><br> Defendants. | Case No. 14-cv-03058-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS FIRST CAUSE OF ACTION** <br><br> Re: Dkt. No. 22 |

Before the Court is Defendants' motion to dismiss the first cause of action in the First Amended Complaint ("FAC") for lack of jurisdiction. Dkt. No. 22 ("Mot.").[1] Plaintiff Gloria Plascencia-De Haro ("Plascencia") opposed that motion, Dkt. No. 23 ("Opp.") and Defendants filed a reply, Dkt. No. 24 ("Reply"). The Court held oral argument on the motion on September 3, 2015. After careful consideration of the arguments made by the parties in their briefs and at oral argument, the Court reluctantly **GRANTS** Defendants' motion to dismiss for lack of jurisdiction.

## I. BACKGROUND

Plascencia is a Mexican citizen who entered the United States in 1990 without inspection by an immigration officer. On March 18, 1994, Plascencia was the subject of a voluntary departure order, which required her to depart the United States on or before September 18, 1994. The voluntary departure order provided that if Plascencia failed to depart by that date, a deportation order would automatically come into effect.

The parties dispute whether Plascencia departed the United States in compliance with the 1994 order. Plascencia asserts that she traveled to Mexico the day after it was issued and stayed with her mother in Compostela, Nayarit for one month. She alleges that she returned to the United

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

States on April 19, 1994 after being waved through an official inspection point without being asked to show any documentation. Defendants assert that she never departed.

On February 23, 2013, Plascencia applied for lawful permanent residency based on her status as the immediate relative parent of a U.S. citizen. Plascencia was arrested on March 4, 2013 for failure to depart as required by the 1994 voluntary departure order. Plascencia was released from custody pursuant to an order of supervision and testified under oath in support of her application for an adjustment of status on August 5, 2013. That application was denied on December 2, 2013 on the ground that Plascencia had failed to demonstrate by a preponderance of the evidence that she had departed the United States in 1994. Plascencia filed a motion to reopen and reconsider on December 22, 2013, which was denied on May 20, 2014.

Plascencia filed this action on July 4, 2014. On September 19, 2014, U.S. Citizenship and Immigration Services ("USCIS") reopened her application and immediately issued a notice re-closing the application for lack of jurisdiction given the pendency of alien in removal proceedings. Plascencia filed the FAC on October 29, 2014 to reflect this new administrative action. The FAC contains two causes of action. The first cause of action alleges that U.S. Immigration and Customs Enforcement's ("ICE's") effort to remove Plascencia is improper because she complied with the terms of the 1994 voluntary removal order. The second cause of action alleges that the USCIS's administrative closure of her application was arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Defendants moved on April 2, 2015 to dismiss the first cause of action of the FAC for lack of subject matter jurisdiction.

**II.    LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the asserted claims. It is the plaintiff's burden to prove jurisdiction at the time the action is commenced. *Tosco Corp. v. Communities for Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). A court considering a 12(b)(1) motion to dismiss is not limited to the pleadings, *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988), but may rely on extrinsic evidence to resolve factual disputes relating to jurisdiction. *St.*

2

*Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989). Once a challenge has been raised to the court's subject matter jurisdiction, the party opposing dismissal must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.*

## III.  DISCUSSION

The REAL ID Act of 2005 "eliminated habeas review over all final orders of removal, but restored to the appellate courts jurisdiction over 'constitutional claims or questions of law' in all cases[.]" *Singh v. Gonzales*, 499 F.3d 969, 976 (9th Cir. 2007). "[T]hese modifications effectively limit *all* aliens to one bite of the apple with regard to challenging an *order of removal.*" *Id*. (citation omitted). Section 106(a)(1)(A)(iii) of the REAL ID Act, titled "Exclusive means of review," states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5). Section 1252(b)(9), titled "Consolidation of questions for judicial review," confirms this overarching purpose:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Citing *Rafaelano v. Wilson*, 471 F.3d 1091 (9th Cir. 2006), Defendants argue that the jurisdictional limits imposed by the REAL ID Act preclude this Court from exercising jurisdiction over Plascencia's claims because she seeks review of an order of removal. Mot. at 6-9. In

*Rafaelano*, the petitioner alleged that the government sought to expel her from the United States without a valid deportation order. *Id.* at 1092. The immigration judge had granted the petitioner voluntary departure under an order that would convert into a final order of deportation if she did not depart the United States within the following year. *Id.* Rafaelano argued that the order never converted into a final order of deportation because she left the country briefly during the one-year window. *Id.* at 1092-93. In a habeas petition before the district court, Rafaelano contended that "because she had departed the United States prior to [the one-year deadline], the portion of the 1995 Order providing for deportation did not become effective and therefore could not be enforced against her." *Id.* at 1094. The district court denied her petition, and she appealed.

The Ninth Circuit held that the REAL ID Act had eliminated the district court's habeas jurisdiction, characterizing the Act as "granting courts of appeals exclusive jurisdiction to review challenges to deportation orders," *id.* at 1092, 1095. *Rafaelano* explained that the language of the Act barred the petitioner's claim:

> The jurisdictional provisions of 8 U.S.C. § 1252 apply to "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," so judicial review of claims arising from such actions is governed exclusively by that section. 8 U.S.C. § 1252(b)(9) (emphasis added). Rafaelano does not challenge the 1995 Order itself, but rather contests the action the government intends to take to remove or deport her from the United States. Since her petition, in its entirety, resulted from the government's effort to expel her from the United States, her claim lies within the purview of 8 U.S.C. § 1252, including the changes made by the REAL ID Act.

*Id.* at 1095. Accordingly, *Rafaelano* expressly stands for the proposition that the REAL ID Act stripped the district courts of jurisdiction to consider a petitioner's claim that no valid order of removal exists where the petitioner argues that she voluntarily departed in a timely manner.

*Rafaelano* is squarely on point with the facts of the present case, and this Court has no choice but to follow binding authority. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority . . . is not merely evidence of what the law is. Rather, caselaw on point *is* the law."). Moreover, contrary to Plascencia's argument, the Court does not read *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc), and *Kucana v. Holder*, 558 U.S. 233, 233 (2010), as implicitly overruling *Rafaelano*. Because Plaintiff has not shown that these cases

4

are "clearly irreconcilable" with *Rafaelano*, *Rafaelano* remains the law.  *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc) (neither a district court nor a three-judge panel may disregard prior circuit authority unless the authority is "clearly irreconcilable with the reasoning or theory of intervening higher authority"); *see also Barapind v. Enomoto*, 400 F.3d 744, 750-51 & n.8 (9th Cir. 2005) (en banc) (per curiam) (a district court is bound to follow the holdings of the Ninth Circuit unless clearly in conflict with supervening authority).

Having found that *Rafaelano* mandates dismissal of Plascencia's first cause of action, the Court respectfully submits that the Eleventh Circuit's analysis in *Madu v. U.S. Att'y Gen.,* 470 F.3d 1362 (11th Cir. 2006), correctly establishes that the REAL ID Act does not divest district courts of jurisdiction where, as here, the question is whether any valid removal order exists at all. *Madu* involved (in virtually every significant respect) the same facts presented here.  The plaintiff was a citizen of Nigeria who, after being arrested for working without permission in the United States, was ordered to voluntarily depart in lieu of an order of deportation.  *Id*. at 1364.  Like the order of voluntary departure at issue in this case, the order in *Madu* automatically transformed into an order of deportation if Madu did not leave the United States prior to the ordered deadline.  *Id*. Over a decade later, Madu was again detected in the United States when he scheduled an interview for an adjustment of status based on marriage, and was immediately arrested for failing to comply with the voluntary deportation order.  *Id*. at 1364-65.  Madu filed a petition for a writ of habeas corpus in district court on the ground that his arrest was improper because—claiming that he complied with the decade-old voluntary departure order by briefly visiting Mexico—he was not subject to an outstanding order of deportation.  *Id*. at 1365.

The REAL ID Act was enacted during the pendency of Madu's lawsuit, leading the government to file a motion to transfer the case to the court of appeals.  *Id*.  As in this case, the government argued that the district court lacked jurisdiction because Madu's lawsuit was actually a "challenge[ ] [to] his final order of deportation."  *Id.*  Madu opposed the transfer on the ground that "[t]he *underlying basis* of [his] petition [was] not a challenge to a final order of deportation or removal but, that Respondent[s] are holding him against his constitutional rights under the fictitious pretense that he is subject to a final order of deportation."  *Id*. (citing Madu's reply brief).

5

The district court granted the government's motion to transfer, but the Eleventh Circuit reversed, reasoning that "the question presented by Madu's habeas petition is whether there is a removal order at all, which . . . is a different question than whether an extant removal order is lawful." *Id*. at 1367.  Accordingly, the Eleventh Circuit held that neither 8 U.S.C. § 1252(b)(9) nor § 1252(g) divested the district court of jurisdiction because "a petitioner who contests the very existence of an order of removal does not seek 'review of an order of removal' within the meaning of the REAL ID Act." *Id*. at 1366-68.  Were *Madu* the controlling law in this circuit, the Court would be required to deny the government's motion to dismiss.

Further complicating matters, the Ninth Circuit has cited *Madu* approvingly as an example of a case which did *not* involve "review of an order of removal" under the REAL ID Act, without discussing *Rafaelano*. In *Singh*, the petitioner, an Indian national, brought three ineffective assistance of counsel ("IAC") claims in district court.  499 F.3d at 971.  The district court dismissed the action for lack of subject matter jurisdiction on the ground that the REAL ID Act stripped the district court of jurisdiction.  *Id*.  The Ninth Circuit reversed in part,[2] holding that a "narrow [IAC] claim . . . in connection with a post-administrative filing of an appeal with the court of appeals" was not a "review of an order of removal" triggering the circuit court's exclusive jurisdiction.  *Id.* at 972.  The Ninth Circuit observed that, "[b]y virtue of their explicit language, both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal," which has led "[p]ost-REAL ID Act cases considering the applicability of § 1252 [to distinguish] between challenges to orders of removal and challenges that arise independently." *Id*. at 978.  Because Singh's IAC claims did not seek "judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal[,]" the district court retained jurisdiction.  *Id*.

Although the central question in *Singh* (whether petitioner's IAC claim constituted a review of a final order within the meaning of § 1252) is different than the question presented here, *Singh* provides several examples outside of the IAC context in which courts found a lawsuit to

---

[2] The Ninth Circuit affirmed the district court's dismissal of one of the IAC claims on the separate ground that the plaintiff had failed to exhaust his administrative remedies.  *Singh*, 499 F.3d at 972.

6

arise independently of a challenge to an order of removal. *See id.* For example, *Singh* cites a decision from the Third Circuit Court of Appeals holding that a challenge to removal on the ground that the plaintiff did not receive sufficient notice does "not [seek] review *of* an order of removal." *Id.* (citing *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006)). Similarly, *Singh* cites a decision holding that the REAL ID Act's jurisdictional bar does not apply to a petitioner's claim that he may not be removed to a country without a functioning government, "because petitioners do not challenge or seek review of any removal order." *Id.* (citing *Ali v. Gonzales,* 421 F.3d 795, 797 n.1 (9th Cir. 2005)).

Most significantly, *Singh* identified *Madu* in its list of post-REAL ID Act cases that distinguish challenges to orders of removal from challenges that arise independently. *Id.* The implication of *Singh*'s citation to *Madu* as "holding that 'a petitioner who contests the very existence of an order of removal does not seek 'review of an order of removal within the meaning of the REAL ID Act,'" *id.*, is that the type of claim at issue in *Madu* (and in Plascencia's case) does *not* fall within the ambit of the Act's jurisdiction-stripping provision. But such a conclusion appears to be inconsistent with *Rafaelano*, and *Singh* did not distinguish, or discuss, *Rafaelano* in any way. Accordingly, while *Singh* appears to adopt *Madu*'s analysis as correct, that conclusion is not clear to this Court, and thus does not authorize the Court to disregard the on-point holding of *Rafaelano*.

This Court believes that *Madu* correctly found that district courts retain jurisdiction over claims that challenge whether a valid removal order exists as a factual matter. *Singh* appears to have at least tacitly acknowledged as much. In the Court's view, the interests of clarity and consistency would be well served by the Ninth Circuit addressing what appear to be facially irreconcilable analyses in *Rafaelano* and *Singh*. Unless and until that happens, this Court is compelled to dismiss Plascencia's first cause of action, even though it believes that the face of the REAL ID Act establishes that the jurisdiction-stripping provisions do not apply to her claim. *See Hart*, 266 F.3d at 1170 ("If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect.").

7

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss for Lack of Jurisdiction is **GRANTED WITH PREJUDICE** as to the first cause of action in the FAC. The parties are directed to appear for a further case management conference on March 22, 2016 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: 3/11/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge