UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PLASCENCIA-DE HARO,<br><br>    Plaintiff,<br><br>    v.<br><br>LORETTA E. LYNCH, et al.,<br><br>    Defendants. | Case No. 14-cv-03058-HSG<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS; DENYING AS MOOT MOTION TO STAY**<br><br>Re: Dkt. Nos. 22, 26, 31 |

Before the Court is Defendants' motion for summary judgment as to the second cause of action in the First Amended Complaint ("FAC"). Dkt. No. 22 ("Mot.").[1] Plaintiff Gloria Plascencia-De Haro ("Plascencia") opposed that motion, Dkt. No. 35 ("Opp.") and Defendants filed a reply, Dkt. No. 36 ("Reply"). The Court held oral argument on the motion on September 3, 2015, and further discussed the motion with the parties on March 22, 2016. Having considered the arguments made by the parties in their briefs and at oral argument, the Court DENIES Defendants' motion.

**I.  FACTUAL BACKGROUND**

Plascencia is a Mexican citizen who entered the United States in 1990 without inspection by an immigration officer. On March 18, 1994, Plascencia was the subject of a voluntary departure order, which required her to depart the United States on or before September 18, 1994. The voluntary departure order provided that if Plascencia failed to depart by that date, a deportation order would automatically come into effect.

The parties dispute whether Plascencia departed the United States in compliance with the 1994 order. Plascencia asserts that she traveled to Mexico the day after it was issued and stayed

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

with her mother in Compostela, Nayarit for one month. She alleges that she returned to the United States on April 19, 1994 after being waved through an official inspection point without being asked to show any documentation. Defendants assert that she never departed. According to Defendants, U.S. Citizenship and Immigration Services ("USCIS") issued a warrant of deportation for Plascencia on April 19, 1995.

On February 25, 2013, Plascencia completed a Form I-485 Application for adjustment of status to lawful permanent resident. Plascencia was arrested on March 4, 2013 for failure to depart as required by the 1994 voluntary departure order. She was released from custody pursuant to an order of supervision and testified under oath in support of her application for adjustment of status on August 5, 2013. That application was denied on December 2, 2013 on the ground that Plascencia had failed to demonstrate by a preponderance of the evidence that she had departed the United States in 1994. Plascencia filed a motion to reopen and reconsider on December 22, 2013, which was denied on May 20, 2014.

Plascencia filed this action on July 4, 2014. On September 19, 2014, USCIS reopened her application and immediately issued a notice re-closing the application for lack of jurisdiction given the pendency of alien in removal proceedings. Plascencia filed the FAC on October 29, 2014 to reflect this new administrative action. The remaining cause of action in the FAC alleges that the USCIS's administrative closure of her application was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.[2]

**II.     SCOPE OF REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Under the APA, a district court can set aside agency decisions only if the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of our review under this standard is 'narrow'; as we have often recognized, 'a court is not to substitute its judgment for that of the agency.'" *Judulang v. Holder*, 132 S. Ct. 476, 483 (2011) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Nonetheless, when reviewing an agency action a court

---

[2] The Court granted Defendants' motion to dismiss the first cause of action on March 11, 2016. Dkt. No. 46.

"must assess, among other matters, 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Id.* at 484 (quoting *State Farm*, 463 U.S. at 43). "That task involves examining the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Id.* "Agency action should be overturned only when the agency has 'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir. 2001) (quoting *State Farm*, 463 U.S. at 43).

### III. SUMMARY JUDGMENT STANDARD

Courts routinely resolve APA challenges by summary judgment. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1481 (9th Cir. 1994). The district court "is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). The purpose of the district court in deciding a motion for summary judgment, then, "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* An agency's decision is arbitrary and capricious if it "offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1448 (9th Cir. 1996).

The agency's findings are reviewed under the "substantial evidence" standard. *Family Inc. v. U.S. Citizenship & Immigration Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006). Under this standard, a court will not disturb an agency's findings "unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." *Monjaraz–Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir. 2003) (citation omitted).

### IV. DISCUSSION

Defendants argue that the USCIS decision finding that it lacked jurisdiction to act on

Plascencia's I-485 Form is sufficiently detailed to satisfy the requirements of both the APA and applicable regulations. *See* 5 U.S.C. § 555(e) (requiring "a brief statement of the grounds for denial"); 8 C.F.R. § 103.3 ("When a Service officer denies an application or petition filed under §103.2 of this part, the officer shall explain in writing the specific reasons for denial.").

To satisfy these requirements, the agency must "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made." *Tourus Records, Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001); *see State Farm*, 463 U.S. at 43. For the Court to determine whether the agency properly exercised discretion, the agency "must 'disclose the basis of its order' and 'give clear indication that it has exercised the discretion with which Congress has empowered it.'" *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962). This requires the agency to "make findings that support its decision, and those findings must be supported by substantial evidence." *Id; see also Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) (holding that "the basis for an agency determination 'must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action'").

The USCIS decision's discussion of its reasoning reads, in its entirety:

> USCIS reviewed your alien file, A070780135, and determined that an Immigration Judge ordered that you be deported from the United States. Your file contains evidence that you were granted voluntary departure by an Immigration Judge on March 18, 1994. The Judge's order provided that you would be automatically deported to Mexico if you did not depart the United States by September 18, 1994. Legacy Naturalization and Immigration Service (INS) issued a warrant of deportation for you on April 19, 1995.
>
> Since you are a respondent in a removal proceeding and you are not an "arriving alien," only EOIR has jurisdiction to grant or deny your Form I-485.

Dkt. No. 22-1 at 2-3. The government argues that, although the decision is silent as to whether Plascencia departed, the "chain of events" detailed by the decision demonstrates that the USCIS understood the "warrant of deportation" to be evidence of Plascencia's failure to depart, serving as the basis for her continued status as an alien in removal proceedings. The government characterizes the decision as containing the "conclusion . . . . that Plascencia had failed to meet her

4

burden of demonstrating that she had voluntarily departed the United States." Mot. at 10.

The Court cannot accept the government's position that the USCIS may meet its obligation to sufficiently explain its decision by relying on implication. The government has cited no case upholding an administrative decision based on the fact that the "chain of events" detailed in the decision could be read to imply a particular reasoning (and an underlying factual finding).

Relying exclusively on the order of voluntary departure and the subsequent warrant of deportation, the USCIS's decision does not address (or even reference) the petitioner's evidence. Because it includes no findings and no analysis of the petitioner's evidence, there is no indication as to why such evidence was unpersuasive on the issue of whether Plascencia was properly the subject of removal proceedings and not an "arriving alien." An "agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706." *Butte Cty., Cal. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010). "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951). When the agency fails "to consider an important aspect to the problem," then the agency action is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235, 1244 (9th Cir. 2013).

In arguing that there is substantial evidence supporting the agency's conclusion, Defendants' briefs review the evidence in the record, and the briefs repeatedly use language such as "USCIS properly discounted Plascencia's explanation . . ." or "USCIS reasonably discounted Plascencia's evidence . . ." Mot. at 14, 16. But there is no indication that the agency considered Plascencia's explanations or evidence, and the Court cannot accept the government's post-hoc rationalizations set out in its briefs. *See Burlington*, 371 U.S. at 168 ("While the Secretary's briefs in this case explain in some detail how the Board purportedly reached its conclusion, 'courts may not accept appellate counsel's post hoc rationalizations for agency action.'"). Accordingly, the absence of any indication that Plascencia's evidence was considered leaves the Court no course but to remand to the agency for additional consideration and explanation. *See generally Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

### V. CONCLUSION

Defendants' motion for summary judgment is DENIED. At the hearing on March 22, 2016, the parties agreed that were the Court to deny the government's motion, the proper course would be to treat Plaintiff's filing as a cross-motion for summary judgment seeking remand to the USCIS for further proceedings consistent with this order. The Court agrees. The parties are directed to meet and confer and submit within seven days a proposed form of judgment granting judgment in Plaintiff's favor on the second cause of action, remanding the case to USCIS and closing the file in this matter.

Plaintiff's motion to stay (Dkt. No. 26) is denied as moot.

**IT IS SO ORDERED.**

Dated: 8/1/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge